**UNITED STATES of America, Plaintiff,**

v.

**Gilbert Mark CRISP, Rhonda Jean Crisp, Sequoia Property and Equipment Limited Partnership, Washington Mutual Bank, Defendants.**

**No. CV–F–97–5044 OWW LJO.**

United States District Court,
E.D. California,
Fresno Division.

Nov. 3, 1999.

John William Phillips, Wild Carter and Tipton, Fresno, CA, for defendants.

G. Patrick Jennings, United States Department of Justice, Tax Division, Washington, DC, for plaintiff.

## MEMORANDUM OPINION AND ORDER RE: DEFENDANTS' MOTION FOR RECONSIDERATION; DEFENDANT WANDA CRISP'S MOTION TO DISMISS; CROSS–MOTIONS FOR SUMMARY JUDGMENT

WANGER, District Judge.

### I. *INTRODUCTION*

This case is before the Court on various motions and counter-motions of the parties for summary judgment. Plaintiff originally filed four complaints. The first was against Sequoia Property and Equipment Limited Partnership (filed 1/22/97); the second against Hyper–Jean Property and Equipment Limited Partnership (filed 1/30/98); the third against Wanda Jean Crisp, Hyper–Jean Property and Equipment Limited Partnership, Leader Federal Bank for Savings, Bankers Trust Company of California, and Mid–Valley Lenders (filed 10/14/98); and the fourth against Gilbert Mark Crisp, Rhonda Crisp, Sequoia Property and Equipment, and Washington Mutual Bank Inc. (filed 10/19/98). All four cases were consolidated for all purposes on August 6, 1999.

The second amended complaint alleges two claims. (Doc. 61, No. 98–6188) First, Plaintiff requests the tax assessments against Gilbert Mark Crisp and Rhonda Jean Crisp from 1988 and 1989 be reduced to judgment.

(Doc. 61, No. 98–6188 at 3–4) Second, Plaintiff seeks to set aside the October 20, 1992 transfer of the real property known as 5036 West Oak Street, Visalia, California, from Gilbert Mark Crisp and Rhonda Jean Crisp to Sequoia Property and Equipment Limited Partnership. (Doc. 61, No. 98–6188 ¶¶ 18–26) Defendant Washington Mutual Bank Inc. is a bank that is the successor beneficiary under a deed of trust recorded March 4, 1992 against the Oak Street property.

On August 2, 1999, Plaintiff filed a motion for partial summary judgment to establish the tax liability of Defendants Gilbert Mark Crisp and Rhonda J. Crisp. In support of this motion, Plaintiff submitted the Declaration of Patrick Jennings. On August 13, 1999, Wanda Jean Crisp filed a motion to dismiss, or alternatively for summary judgment. On August 23, 1999, Plaintiff filed opposition to this motion and, in support, the declaration of Patrick Jennings. In a footnote, Plaintiff requested permission to supplement the record with a declaration of the Revenue Agent. (Pl.Opp. at 3 n. 1) On August 27, Defendant Crisps opposed Plaintiff's motion, filed two cross-motions (a motion to dismiss and a motion for summary judgment), and filed a motion to strike the Declaration of Patrick Jennings. On September 7, Defendant Wanda Crisp filed objections to the Declaration of Patrick Jennings and a motion to strike.

Oral argument on all the motions was heard October 4, 1999. At oral argument, Gilbert Mark Crisp contended that the Crisps' motion for summary judgment should be granted because the government failed to name an indispensable party in the Amended Complaint: Crisp Construction. The Court granted Defendants Gilbert Mark Crisp and Rhonda Jean Crisp five (5) days to file a supplemental brief regarding the Crisp Construction issue and the government five (5) days to respond. The Crisps' supplemental brief was filed October 12, 1999. No response has been filed.

## II. LEGAL STANDARD

### A. MOTION FOR RECONSIDERATION OF A MAGISTRATE'S ORDER

When a litigant is dissatisfied with the Magistrate Judge's ruling on a nondis-positive issue, he or she may file a motion for reconsideration within ten days of the date of service of the ruling, Fed.R.Civ.P. 72(a); Local Rule 72–303(b). If the motion is filed in a timely manner, the court reviews the Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Local Rule 72–303(f).

### B. MOTION TO DISMISS

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is disfavored and rarely granted: "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim). In deciding a motion to dismiss, the court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir.1992), *cert. denied,* 506 U.S. 1020, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992); *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). The court need not accept as true allegations that contradict facts which may be judicially noticed. *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987), *cert. denied,* 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474

(1981); *see also Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987), *cert. denied, sub nom., Wyoming Community Development Authority v. Durning*, 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987).

## C. *SUMMARY JUDGMENT*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c); *see Maffei v. Northern Ins. Co. of New York*, 12 F.3d 892, 899 (9th Cir.1993). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of fact could find in its favor viewing the record as a whole in light of the evidentiary burden the law places on that party. *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252–56, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party cannot simply rest on its allegation without any significant probative evidence tending to support the complaint. *U.A. Local 343 v. Nor–Cal Plumbing, Inc.*, 48 F.3d 1465, 1471 (9th Cir.), *cert. denied*, 516 U.S. 912, 116 S.Ct. 297, 133 L.Ed.2d 203 (1995).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The more implausible the claim or defense asserted by the opposing party, the more persuasive its evidence must be to avoid summary judgment. *United States ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 815 (9th Cir.), *cert. denied*, 516 U.S. 1043, 116 S.Ct. 700, 133 L.Ed.2d 657 (1996). Nevertheless, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor." *Liberty Lobby*, 477 U.S. at 255, 106 S.Ct. 2505. A court's role on summary judgment, however, is not to weigh the evidence, *i.e.*, issue resolution, but rather to find genuine factual issues. *Abdul–Jabbar v. General Motors Corp.*, 85 F.3d 407, 410 (9th Cir.1996).

■ Evidence submitted in support of or in opposition to a motion for summary judgment must be admissible under the standard articulated in 56(e). *See Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir.1996); *Anheuser–Busch, Inc. v. Nat'l Beverage Distribs.*, 69 F.3d 337, 345 n. 4 (9th Cir.1995). Properly authenticated documents, including discovery documents, although such documents are not admissible in that form at trial, can be used in a motion for summary judgment if appropriately authenticated by affidavit or declaration. *United States v. One Parcel of Real Property*, 904 F.2d 487, 491–492 (9th Cir.1990). Supporting and opposing affidavits must be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e); *Conner v. Sakai*, 15 F.3d 1463, 1470 (9th Cir.1993), *rev'd on other grounds sub nom. Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

## D. *MOTION TO STRIKE*

■ The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. Rule 12(f) provides that "redundant, immaterial, impertinent, or scandalous matters" may be "stricken from any *pleading.*" (Emphasis added.) A motion to strike is limited to pleadings. *See Sidney–*

*Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.1983). A motion to strike matters that are not part of the pleadings may be regarded as an "invitation" by the movant "to consider whether [proffered material] may properly be relied upon." *Monroe v. Board of Educ.*, 65 F.R.D. 641, 645 (D.Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions].") (citing cases).

## III. STATEMENT OF UNDISPUTED FACTS

On or about April 14, 1989, Gilbert Mark Crisp and Rhonda J. Crisp filed a federal individual tax return for the taxable year ending December 31, 1988. (Def. Facts ¶ 1, Pl. Facts ¶ 1) On or about April 15, 1990, Gilbert Mark Crisp and Rhonda J. Crisp filed a federal individual tax return for the taxable year ending December 31, 1989. (Def. Facts ¶ 2, Pl. Facts ¶ 2) For 1988 and 1989, Gilbert Mark Crisp and Rhonda J. Crisp reported income from Crisp Construction Company, Inc. (aka Crisp Tree Service). (Def. Facts ¶ 3, Pl. Facts ¶ 3) Defendants were *assessed* for unpaid individual federal income taxes for the tax periods as follows:

|      | Tax       | Penalties | Interest  |
|------|-----------|-----------|-----------|
| 1988 | $381,574  | $95,394   | $378,803  |
| 1989 | $307,029  | $61,406   | $221,040  |

(Pl. Facts ¶ 6, Def. Facts ¶ 6) In response to Plaintiff's undisputed facts that "[n]otice and demand for payment of the assessments set forth above in paragraph 6 has been made on Gilbert Mark Crisp and Rhonda J. Crisp," Defendants allege there "is no evidence of any amounts demanded in any alleged notice." (Pl. Facts ¶ 7, Def. Facts ¶ 7) Defendants also object to Plaintiff's statement that "[t]he IRS properly performed the procedures relating to the information set forth on the Certificate of Assessments and Payments." (Pl. Facts ¶ 8, Def. Facts ¶ 8) Further, Defendants object to Plaintiff's assertion that the IRS mailed a statutory notice of deficiency to Gilbert Mark Crisp and Rhonda Crisp on or about April 6, 1995. (Pl. Facts 9, Def. Facts 9) The issue of mailing has been already decided. There is no evidence that the IRS failed to provide Defendants with notice. (Order Doc. 47 No. 98–6188) The fact of mailing has been determined as a matter of law. It is uncontested that Gilbert Mark Crisp and Rhonda Crisp have not paid the assessments. (Pl. Facts ¶ 10, Def. Facts ¶ 10).

## IV. DISCUSSION

### A. DEFENDANTS' GILBERT MARK CRISP AND RHONDA CRISP MOTION FOR RECONSIDERATION RE DISCOVERY

■ On July 14, 1999, Defendants Gilbert Mark Crisp and Rhonda Crisp filed a motion "to compel Plaintiff to Answer Interrogatories, Document Production and Request for Admissions." (Doc. 46 No. 68–6188) Defendants have submitted the "Stipulation Re Discovery Disagreements." (Doc. 116) Defendants requested, inter alia, the personnel records of Agent Appleton. They complain that her calculations resulted in an overassessment in their case and allege that overassessment is part of a "pattern of disregard for truth." (Doc. 116).

In his Findings and Recommendations, the Magistrate Judge found Defendants had not established the legal relevance or materiality of the personnel records of Agent Appleton. To establish relevance, Defendants simply offer their opinions about Agent Appleton. The Magistrate Judge fully considered the request in the context of the Privacy Act of 1974, 5 U.S.C. § 552a(b), which prohibits an agency from releasing personnel records without the permission of the individual to whom those records pertain, and subject to balancing the need for the particular information and the individual's right to privacy. The Magistrate correctly determined that Defendants have not established the relevance or materiality of the personnel records of Agent Appleton. Even under Federal Rules of Evidence 404(b) and 608, one prior instance of alleged misconduct is not admissible to show conduct in conformity therewith. The request for reconsideration merely restates Defendants' belief and legal conclusions that there may be a pattern of "abuse

of over assessment and of misbehavior."[1] (Doc. 140) The request for reconsideration is DENIED and the Findings and Recommendations are ADOPTED IN FULL.

## B. *DEFENDANT WANDA CRISP'S MOTION TO DISMISS*

Defendant Wanda Crisp seeks dismissal of the government's complaint because it presents "nothing new." In the original complaint, Plaintiff only provided the numerical totals for the amount of tax liability owed. (Doc. 1 No. 98–6188) The July 15, 1999 Order dismissed Plaintiff's claim without prejudice because "the United States failed to allege facts to toll the statute of limitations to show the six-year limitations period applies." (Doc. 47 No. 98–6188) The second amended complaint remedied this defect by alleging that Gilbert Mark Crisp and Rhonda Crisp omitted more than 25% of their gross income properly includable on their tax returns. (Doc. 61 No. 98–6188) Such an allegation increases the statute of limitations to six years. *See* 26 U.S.C. § 6501(e). To state a valid claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R.CIV.P. 8(a). Here Plaintiffs have met the requirements of notice pleading and alleged facts in support of their claim. Accordingly, Defendant's motion to dismiss is DENIED.

## C. *PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

■ Plaintiff's partial summary judgment motion is to fix Defendants' liability for federal income taxes. "In an action to collect taxes, the government bears the initial burden of proof [of taxpayer's liability]." *Palmer v. Internal Revenue Service,* 116 F.3d 1309, 1312 (9th Cir.1997) (citing *United States v. Stonehill,* 702 F.2d 1288, 1289 (9th Cir.1983)). Defendants Mark Gilbert and Rhonda Crisp argue that *Palmer* is inappo-

site to the case at hand claiming that it is only applicable to individuals who did not file returns or provide records and it is undisputed that they filed returns. Defendants cite no case law in support of this proposition. They merely provide the case cite for *Palmer.*

■ The government's burden normally is met if it can produce an official certificate of assessment, such as the Form 4340, *see Hughes v. United States,* 953 F.2d 531, 535 (9th Cir.1992), because "a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *Stonehill,* 702 F.2d at 1293. Defendants argue that *Palmer* teaches that the presumption only attaches as long as the assessments are supported by a "minimal factual foundation," *Palmer,* 116 F.3d at 1312, and allege that the government has not produced any such foundation. (Def.Br. at 4).

■ In determining whether the "minimal factual foundation" standard from *Palmer* is met, the Ninth Circuit has stated that the Commissioner must provide "some substantive evidence that the taxpayer received unreported income" and that "[i]f the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer to show by a preponderance of the evidence that the deficiency was arbitrary or erroneous." *Hardy v. Commissioner of Internal Revenue,* 181 F.3d 1002, 1004 (9th Cir.1999). As evidence of the unreported income, Plaintiff submits a partially redacted Revenue Agent's Report dated March 4, 1995. (Ex. A) Defendants object to the submission of Exhibit A and moved to strike it. First, they allege it is inadmissible because it was not properly authenticated. Exhibit A was offered by G. Patrick Jennings, the trial attorney of record in this matter. He attests that Exhibit A is a true and correct copy of the Revenue Agent's Report. (Jennings Decl. ¶ 2A, citing *Local Union No. 490 v. Kirkhill Rubber Co.,* 367 F.2d 956 (9th Cir.

---

1. Defendants also use the request for reconsideration to introduce new arguments against the government. Since these arguments pertain to the government's reply to Defendants' opposition to the government's motion for summary judgment, and Defendants did not receive leave of the Court to respond to the government's reply, the arguments are not considered.

1966)). Defendants argue that attorneys' declarations are inadmissible on a motion for summary judgment. (Motion to Strike Jennings Decl. at 2) At issue in *Kirkhill* is the procedure required to make a valid motion for summary judgment. The Ninth Circuit held that a district court did not err in failing to grant a motion for summary judgment when the motion was made less than twenty days after the commencement of the action, the supporting affidavits were made by an attorney and presented facts not within his personal knowledge, and the affidavit was not sworn to before an authorized officer. *See Kirkhill,* 367 F.2d at 958. It was because of all three flaws the Ninth Circuit found the procedure defective.

On September 13, 1999, Plaintiff submitted the Declaration under penalty of perjury of Revenue Agent Janet Appleton. Ms. Appleton is a Revenue Agent for the IRS and it is among her duties to perform audits, keep records of audits, and derive opinions based on her investigations. (Appleton Decl. ¶ 1) She has personal knowledge of the taxes at issue and asserts that Exhibit A is a true and correct copy of the Revenue Agent's Report.

Second: "Crisps submit there is simply no authority for a party to alter documents, then submit them as 'evidence.'" (Motion to Strike Jennings Decl. at 3) In fact, Crisps submit no authority or evidence to show any alteration of a relevant document. The motion to strike Exhibit A is DENIED.

Defendants also object to Agent Appleton's declaration. They base their objection on relevance grounds, alleging Mr. Jennings himself stated that a Revenue Agent Report is irrelevant for determining a tax liability. (Motion to Strike Decl. of Appleton at 1) In support of the Appleton declaration, Plaintiff cites to *Clark v. Commissioner,* 266 F.2d 698 (9th Cir.1959). The *Clark* court held that a Revenue Agent's Report cannot be evidence of the accuracy of the figures contained therein, but could be considered in determining the accuracy of the computations of the deficiency notice. *See id.* at 707.

■ Notwithstanding the explicit holding in *Clark,* the government argues that the entire Revenue Agent's Report should be admitted pursuant to FRE 1004. (Pl. Reply at 3) The IRS has misplaced the copies of the documents on which the Revenue Agent based her report. (Pl. Reply at 2) It argues that since Rule 1004 provides for the admissibility of non-originals "unless the proponent lost or destroyed them in bad faith," FED. R.EVID. 1004(1), and the government did not lose or destroy the originals in bad faith, the document should come in to support the accuracy of the figures stated therein. To support this argument, the government cites *United States v. Benedict,* 647 F.2d 928 (9th Cir.1981), which allowed Drug Enforcement Agency officials to testify about the contents of business documents in Thailand because the original documents were beyond the reach of process. *See id.* at 933. Here, the government has not shown that the originals are beyond the reach of process. The government does allege that "[t]he taxpayers have failed to produce business records that were returned to them." (Pl. Reply at 2) The government does not, however, show that these originals cannot be obtained by any judicial process or procedure. *See* FED. R.EVID. 1004(b). This argument fails.

■ The government also argues that the information can be admitted under Federal Rule of Evidence 1006. (Pl. Reply at 3) Pursuant to Rule 1006, summaries are admissible if the proponent shows (1) the underlying materials on which the summary was based are admissible; and (2) the underlying documents were made available to the opposing party for inspection prior to their introduction. *See Paddack v. Dave Christensen, Inc.,* 745 F.2d 1254, 1259 (9th Cir.1984). Here, the government does not directly address whether the underlying materials are admissible. It does state that the review of documents, taking of notes, and summarizing conclusions were done in the Revenue Agent's ordinary course of business. (Pl. Reply at 3) Rule 803(6) provides an exception to the hearsay rule for a "memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity to make the memorandum, report, record, or

data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness." FED.R.EVID. 803(6). The fact that Agent Appleton regularly performs such audits does not address Defendants' concerns regarding the validity of her assertion that income was unreported. The government correctly cites *Palmer v. United States,* 116 F.3d 1309 (9th Cir.1997), for the proposition that the Commissioner "has wide discretion in choosing an income-reconstruction method." *Id.* at 1312. *Palmer* only refers to the method by which the deficiency was calculated, and is not helpful in determining whether the underlying figures in the calculation are accurate or the allocation theory, which is the opinion of the Revenue Agent, is valid. *Andrew Crispo Gallery v. Commissioner of Internal Revenue,* 16 F.3d 1336 (2d Cir.1994), does stand for the proposition that if tax records are "unavoidably lost," secondary proof is admissible. *Id.* at 1342. *Andrew Crispo,* however, is distinguishable. There, the government seized the tax records of the plaintiff, did not return them, and then lost them. Here, the government returned the tax records to Plaintiff and then lost its own copies. The government has made no showing that the original documents are unobtainable.

■ The government's argument that, in the alternative, the accuracy of the figures in the Revenue Agent Report can be admitted and considered under Rule 807, the "catch-all" exception because the report "has circumstantial guarantees of trustworthiness in that it was prepared in the ordinary course of government business." (Pl. Reply at 3) Although the fact that the computations are made in the course of ordinary business provides a guarantee that the calculations were made at or near the time the documents were reviewed, there is no concomitant guarantee that the income allocation determinations made by Agent Appleton are legally correct and that all calculations are accurate and trustworthy. In addition to the hearsay issue, the reports contain the opinions of the revenue agent, which are based in part on the lost records.

■ The government also notes that Gilbert Mark Crisp invoked the Fifth Amendment numerous times in deposition when confronted with questions regarding the unreported income. Parties can invoke the Fifth Amendment in civil cases, however, the Courts can draw adverse inferences from such invocations. *See Securities and Exchange Commission v. Colello,* 139 F.3d 674, 677 (9th Cir.1998). From this rule, the government asks the Court to draw the inference that "the Revenue Agent was correct in attributing to the taxpayers additional income from the Crisp Construction activity." (Pl. Reply at 7) The government cites no case law that suggests pleading the Fifth Amendment in a civil case can overcome hearsay and opinion problems. Such an inference will be appropriate if the Defendants refuse to resubmit the documentation underlying the Revenue Agent Report. As discussed above, the government has not shown that it has used the full range of discovery to obtain the returned documents. Defendants are cautioned that their invocation of the Fifth Amendment in a civil case can give rise to an adverse inference by the trier of fact.

■ *Hardy* suggests that sometimes inadmissible material may be sufficient to meet the *Palmer* "minimal factual foundation" standard. *See Hardy,* 181 F.3d at 1005. The government met the *Palmer* burden in *Hardy* by introducing "worksheets calculating the amount of tax owed by Hardy based on income statements that the IRS had received from Mr. Hardy's employer and his bank." *See id.* Assuming, arguendo, that these "worksheets" were either a Revenue Agent Report or the revenue agent's notes regarding Hardy's tax liability, *Hardy* is distinguishable. The worksheets in *Hardy* were deemed sufficient because there was an outside guarantee of their accuracy: "Mr. Hardy's employer reported his income to the IRS." *Id.* at 1005. In effect, the employer's income reporting documents matched those of the IRS and did not match those of the employee's. Here, it is suggested that the taxpayers' and the employer's reporting documents match. It is undisputed that Gilbert Mark Crisp and Rhonda Jean Crisp received income from Crisp Construction Company,

Inc. (Def. Facts ¶ 3, Pl. Facts ¶ 3) It is also undisputed that Crisp Construction reported some income paid to Gilbert Mark Crisp and Rhonda Jean Crisp. At issue is whether the amount of income reported to the IRS by the employer was correct. Agent Appleton concluded that Crisp Construction was an alter ego of Defendants. (Appleton Decl. ¶ 8) Therefore, there is no outside guarantee of the worksheets' trustworthiness. Since the facts in *Hardy* differ from those at hand, the general presumption does not attach. Plaintiff's motion for summary judgment is DENIED without prejudice.

## D. *DEFENDANTS GILBERT MARK CRISP AND RHONDA JEAN CRISP'S MOTION FOR SUMMARY JUDGMENT*

▬ In support of their motion for summary judgment, Defendant Crisps submitted a supplemental brief. They argue that although the government does not include Crisp Construction Company in the amended complaint, the government now makes "the infinitely more complex argument" that the income of Crisp Construction Company, Incorporated was the omitted income, which should be attributed to Crisps personally. (Supp.Br. at 1) Specifically, they contend Agent Appleton "repeatedly refers to alleged improper returns, not by Crisps, but by Crisp Construction Co., Inc., an entity not party to this suit." (Supp.Br. at 1) Defendants cite no law in support of their proposition that Crisp Construction must be joined in this case. The government alleges that Gilbert Mark Crisp and Rhonda Jean Crisp failed to report income. It merely identifies Crisp Construction as the source of that income. There are no formal allegations of wrongdoing against Crisp Construction. There is no reason why Crisp Construction need be formally joined as a party to this litigation. Thus, Defendants' argument fails.

The Crisps' Supplemental Brief also raises for the first time that the government's second claim "is really some form of fraud" (Supp.Br. at 3), and, as such, is insufficiently plead pursuant to Federal Rule of Civil Procedure 9(b), which requires fraud to be plead with specificity. This is an untimely argu-

ment. The Court granted leave for the supplemental brief for the purposes of addressing the issue of whether joinder of Crisp Construction was necessary. A sufficiency of the complaint argument is beyond the scope of the authorized subject matter for the supplemental brief. The Crisps advance this argument without citation to case law.

Even if the pleading specificity contention is considered, it fails. Plaintiffs are correct that FRCP 9(b) requires fraud to be plead with specificity. The amended complaint states a cause of action under 28 U.S.C. § 3304(b) and California Civil Code Section 3439.04(a). To state a claim under 28 U.S.C. § 3304(a), which provides in pertinent part, "a transfer made ... is fraudulent as to a debt to the United States which arises before the transfer is made ... if ... (A) the debtor makes the transfer ... without receiving a reasonably equivalent value in exchange for the transfer ... and (B) the debtor is insolvent at that time or the debtor becomes insolvent as a result of the transfer." 28 U.S.C. § 3304(a)(1)(A), (B). In the Amended Complaint, the government alleged facts to satisfy both of these elements. (Doc. 61 No. 98–6188 ¶ 25) To state a claim under California Civil Code Section 3439.04(b), the plaintiff must show "the debtor made the transfer ... without receiving equivalent value in exchange for the transfer ... and the debtor ... intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due." CAL.CIV. CODE § 3439.04(b)(2). In the Amended Complaint, the government alleged facts to satisfy both of these elements. (Doc. 61 No. 98–6188 ¶ 26) The government's complaint is sufficient to comply with FRCP 9(b) pleading standards. Defendants have had no difficulty defending against this claim. (Doc. 63).

▬ Defendants offer their tax returns for 1988 and 1989, which were signed under penalty of perjury. Their declarations that no taxes are owed constitute their opinions, for which there is no foundation. The government offers the assessment as "evidence" of taxes owed, but provides neither admissible evidence to establish a "minimal factual foundation" regarding the accuracy of the assess-

**556**

ment nor case law to indicate that the assessments are insufficient to establish the propriety and accuracy of the underlying data and claims. Since a disputed issue of material fact remains, summary judgment is not appropriate. The summary judgment motions of all parties are DENIED.

### E.  *DEFENDANT WANDA CRISP'S MOTION FOR SUMMARY JUDGMENT*

Defendant Wanda Crisp's motion for summary judgment and opposition to the Declaration of Patrick Jennings almost identically follows that of Defendants Gilbert Mark Crisp and Rhonda Crisp. The same analysis applies and her motion for summary judgment is DENIED.

### V.  *CONCLUSION*

For the foregoing reasons, IT IS ORDERED:

1.  Defendants Gilbert Mark Crisp and Rhonda Crisp request for reconsideration of the Magistrate's Findings and Recommendations is DENIED.

2.  The Magistrate's Findings and Recommendations are ADOPTED IN FULL.

3.  Defendant Wanda Crisp's motion to dismiss is DENIED.

4.  Defendants Gilbert Mark Crisp and Rhonda Crisp motion for summary judgment is DENIED.

5.  Plaintiff's motion for summary judgment is DENIED.

SO ORDERED.